CALEB H. H. BURR's heirs, petitioners,
*vs.*
BUCKSPORT AND BANGOR RAILROAD COMPANY.

*Practice in land-damage cases.*

A motion to set aside the verdict of a jury assessing damages for land taken for a railroad must be addressed to and adjudicated upon by the court to which the verdict is returned.

Exceptions do not lie to the adjudication of such court in matters of discretion or of facts, but only in matters of law as in other cases.

To the judgment of the court overruling a motion to set aside such a verdict because it is against the testimony, no exceptions will lie.

But if they would lie the motion in this case was properly overruled.

ON EXCEPTIONS.

This was a motion to set aside the verdict of a sheriff's jury rendered upon the hearing of an appeal from an award of the county commissioners of Penobscot county of the damages done to the petitioners' land in Brewer in the construction of the respondents' railroad. The motion alleged the verdict to be contrary to law and evidence, that the damages were excessive and that new and important testimony had been discovered.

The presiding justice after hearing the evidence given at the trial as well as that claimed to be newly discovered, overruled the motion and the respondents excepted.

*Wilson & Woodard* for the respondents.

*Charles P. Stetson* for the petitioners.

DANFORTH, J. This case is not properly in this court. It is before us under the provision of R. S., c. 18, § 13. We there find that "either party may file a written motion to set aside said verdict for the same cause that a verdict rendered in court may be set aside. The court shall hear any competent evidence relating to the same, adjudicate thereon and confirm the verdict, or set it aside for good cause reserving the right to except as in other cases." The adjudication upon the testimony offered must present

questions of fact as well as questions of law. The "right to except" in other cases is reserved only in matters of law and not in matters of fact or discretion. ° It is only then in matters of law in cases of this kind that this right is reserved to the parties.

The case at bar comes before us upon exceptions to the adjudication of the presiding justice, upon the motion to set aside the verdict because it was against the evidence and upon newly discovered evidence.

The exceptions are general, simply to the overruling of the motion and present no question of law upon which the presiding judge ruled or refused to rule. So far as appears, his action was or might have been entirely based upon the weight given to the testimony.

The error into which counsel were led probably arose from the common practice of carrying such motions when made in relation to verdicts rendered in court directly to this court. But the statute upon which that practice rests is unlike that which authorizes the proceedings in cases of this kind. The former does not require an adjudication by the presiding justice, but does provide that the motion shall be presented to the law court not upon exceptions, but upon a report of the testimony while the latter does require an adjudication and provides for exceptions only. In *Bryant* v. *K. & L. R. R. Co.*, 61 Maine, 300, it was held that such cases as this can be carried to the law court only upon exceptions, and although not so stated in that case, it must be understood that such exceptions can only be founded upon some opinion or judgment of the court in matters of law "as in other cases."

The question now presented is similar to that settled in *Averill* v. *Rooney*, 59 Maine, 580. It is true that the decision there made was upon the construction of the act of 1872, c. 83; an act which is not applicable here. But the principle involved is the same and the only difference in the two cases is that by the statute in the one the single judge is authorized to act, while in the other he is required to.

In the motion now under consideration one of the causes alleged

for setting aside the verdict is that it is against law. But the exceptions present no principle of law passed upon by the court or violated by the verdict.

But as the overruling the motion was *pro forma* with a view undoubtedly to a more careful examination both by counsel and court, we have thought proper to give the matter that attention which the importance attached to it by the arguments of counsel, demands.

The first allegation that the verdict is against law as already seen presents no question of law for the court to act upon.

The second and third alike depend upon the testimony, and the only testimony to be considered as bearing upon these allegations is that which was produced at the hearing before the jury. An examination of this satisfies us that the verdict is in accordance with rather than against the testimony. It is true the jury had a view which we cannot have. Of the bearing of that we cannot form any opinion, but we are not to presume they neglected to act upon the light thus obtained.

The newly discovered testimony can have no bearing upon the question of damages in this case, if in any, for the reason that the case fails entirely to show that it might not have been discovered by the exercise of due diligence, while on the other hand it bears internal evidence that even slight diligence would have brought it to light. *Bangor & Piscataquis R. R. Co.* v. *McComb*, 60 Maine, 290.

For the same reason the fourth alleged cause, based upon the newly-discovered testimony was properly overruled.

*Exceptions dismissed.*

APPLETON, C. J., DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.